UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jerry Slight, *et al.*,

        Plaintiffs,

    v.

International Union, United
Automobile, Aerospace and Agricultural
Implement Workers of America
(UAW), *et al.*,

        Defendants.

Case No. 3:15-cv-664

MEMORANDUM OPINION
AND ORDER

## I. INTRODUCTION

Defendants International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America ("UAW") and UAW Local 12 (collectively, the "Union Defendants"), and Defendant FCA US, LLC, have filed motions to dismiss this case due to Plaintiffs' failure to exhaust their internal union remedies. (Docs. No. 95 and 97). Plaintiffs filed a brief in response to both motions. (Doc. No. 99). The Union Defendants and FCA filed briefs in reply. (Doc. No. 100 and 101). For the reasons stated below, I convert Defendants' motions to motions for summary judgment and grant those motions.

## II. BACKGROUND

The Plaintiffs are 34 current or former FCA employees. They filed suit alleging they were improperly denied appropriate pay and benefits and passed over for permanent positions. Plaintiffs filed grievances with the UAW Local 12, which considered the grievances after several internal levels

before withdrawing those grievances rather than pursuing them with FCA. (*See* Doc. No. 59). Plaintiffs claimed the conduct of FCA and the Union Defendants violated the collective bargaining agreement ("CBA"). I granted motions for summary judgment filed by FCA and the Union Defendants because Plaintiffs did not exhaust their internal union remedies before filing suit. (*Id.*). I also denied Plaintiffs' request for a stay so they could pursue those union remedies. (*Id.* at 8-9).

Plaintiffs appealed. The Sixth Circuit agreed that Plaintiffs had failed to exhaust but noted the UAW Constitution provided a possible avenue for reinstatement of Plaintiffs' grievances. *Slight v. Loc. 12, Int'l Union United Auto., Aerospace & Agric. Implement Workers of Am.*, 726 F. App'x 469, 472 (6th Cir. 2018). The Sixth Circuit remanded the case "with instructions to hold the case in abeyance while the employees pursue[d] their internal union remedies." *Id.* at 470.

On April 25, 2018, Plaintiffs submitted a notice of appeal to the UAW. (Doc. No. 99-6 at 1-4). Plaintiffs argued the merits of their grievances and requested an evidentiary hearing. (*Id.*). They also requested that the Office of the UAW International President "waive any timeliness issue and . . . allow the appeal to move forward on its merits, pursuant to the Sixth Circuit's recent ruling." (*Id.* at 4).

The UAW President held a hearing on October 8, 2018, during which nine of the Plaintiffs gave statements on the record. (*Id.* at 35). Following the hearing, the UAW President denied Plaintiffs' request to waive the time limit for filing an internal appeal concerning the withdrawal of their grievances, concluding Plaintiffs had not been misled about their appeal rights and that the circumstances did not warrant waiver of the time limit for appeal.. (*Id.* at 34-41). The UAW President specifically concluded that contemporaneous evidence showed Plaintiffs had been told they could appeal the withdrawal of their grievances and that the time to appeal began to run on November 7, 2014, when they were informed the grievances had been withdrawn. (*Id.* at 39-40).

Plaintiffs then appealed to the International Executive Board ("IEB"). The IEB concluded Plaintiffs failed to prove union officials had misrepresented their right to appeal the withdrawal of their grievances and had not identified an evidentiary basis for overturning the UAW President's denial of a waiver of the time limits. (Doc. No. 99-7 at 11-22).

Finally, Plaintiffs appealed to the Public Review Board ("PRB"). The PRB denied the appeal, concluding the UAW President did not abuse his discretion in deciding not to waive the time limit for filing an internal appeal. (Doc. No. 93 at 29-30).

### III. STANDARD

A defendant may seek to dismiss a plaintiff's complaint on the ground the complaint fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). When ruling on a motion to dismiss, a court construes the complaint in the light most favorable to the plaintiff and accepts as true well-pleaded factual allegations. *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 896 (6th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Factual allegations must be sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678. Legal conclusions and unwarranted factual inferences are not entitled to a presumption of truth. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case[,] and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). A court "may not consider matters outside the pleadings in reviewing a Rule 12(b)(6) motion to dismiss unless the motion is treated as a motion for summary judgment under . . . [Rule] 56." *Stein v. HHGREGG, Inc.*, 873 F.3d 523, 528 (6th Cir. 2017) (citation omitted).

Summary judgment is appropriate if the movant demonstrates there is no genuine dispute of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). All evidence must be viewed in the light most favorable to the nonmovant, *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 390 (6th Cir. 2008), and all reasonable inferences are drawn in the nonmovant's favor. *Rose v. State Farm Fire & Cas. Co.*, 766 F.3d 532, 535 (6th Cir. 2014). A factual dispute is genuine if a reasonable jury could resolve the dispute and return a verdict in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A disputed fact is material only if its resolution might affect the outcome of the case under the governing substantive law. *Rogers v. O'Donnell*, 737 F.3d 1026, 1030 (6th Cir. 2013).

### IV. ANALYSIS

Defendants move to dismiss Plaintiffs' claims based upon Plaintiffs' failure to exhaust their internal union remedies. (*See, e.g.,* Doc. No. 96 at 3).

Plaintiffs first contend Defendants' motions should be converted to motions for summary judgment because the motions refer to documents (namely, the written record of Plaintiffs' efforts to obtain a waiver of the time limits for filing an internal appeal with the union) which are outside of the pleadings but which also are relevant to the resolution of Defendants' motion. (Doc. No. 99 at 6-7). I agree and convert Defendants' motions to dismiss to motions for summary judgment. *See Stein*, 873 F.3d at 528.

I also conclude no additional briefing is necessary on the motions. Neither Plaintiffs nor Defendants requested leave to file additional briefs if I converted the motions, and none of the parties have identified any facts which currently are not part of the record which might inform the appropriate resolution of this case.

A plaintiff asserting a hybrid § 301 / fair representation claim must exhaust internal union remedies before filing suit against a union and an employer. *Chapman v. United Auto Workers Local*

4

*1005*, 670 F.3d 677, 683 (6th Cir. 2012) (citing *Clayton v. Int'l Union*, 451 U.S. 679 (1981)). A court may excuse the plaintiff's failure to exhaust "if (1) the internal union appeals procedure offers no hope of reinstating a claimant's grievance; (2) union hostility toward the claimant leaves no prospect of a fair hearing; or (3) the internal procedures would unreasonably delay a judicial hearing on the merits." *Slight*, 726 F. App'x at 471 (citing *Clayton*, 451 U.S. at 689).

Having reviewed the parties' arguments and the administrative record developed in response to Plaintiffs' request for a waiver of the time limits, I conclude Defendants are entitled to summary judgment because Plaintiffs did not exhaust their internal union remedies and have not demonstrated there is a basis to excuse their failure to exhaust.

Plaintiffs primarily argue that the administrative decision to refuse to waive the time limits was in contradiction of the Sixth Circuit's prior decision in this case, and that they "have, in fact, exhausted, by leave of the Sixth Circuit." (Doc. No. 99 at 8).

Plaintiffs stretch the Sixth Circuit's decision too far. It's true the Court of Appeals wrote "[t]here's good reason for the [UAW] President to waive the time requirements here, since the employees failed to file an appeal because union officials told them (erroneously) that 'it's too late to file an appeal' and to 'get a lawyer' instead." *Slight*, 726 F. App'x at 472 (citations omitted). That observation, however, was based up statements provided by two of the individual Plaintiffs and came in the context of an appeal from my summary judgment ruling, in which all evidence was viewed in the light most favorable to the non-moving party. The union held an evidentiary hearing to address that precise issue and determined the contemporaneous evidence pointed in the other direction – that Plaintiffs were on notice of their right to appeal to the union to attempt to get the grievances reinstated and of the time limits for doing so. (Doc. No. 99-6 at 39-40).

A fair reading of the Sixth Circuit's decision demonstrates the Court of Appeals did not order the UAW President to waive the time limits for Plaintiffs' internal union remedies, whether or

5

not such a reading "trigger[s] another appeal to the Sixth Circuit for that Court to interpret its own prior ruling." (Doc. No. 99 at 10).

Moreover, Plaintiffs have not demonstrated that their appeals of the waiver denial, first to the IEB and then to the PRB, constitute exhaustion of the union's internal remedies. (*Id.* at 14-15). The time limits are a procedural gatekeeper, and Plaintiffs fail to identify a legal basis for the proposition that they can satisfy the exhaustion requirement when their untimeliness prevented their claims from being reviewed on their merits. *Cf. Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.").

Further, Plaintiffs' contention that they "should be excused from exhaustion pursuant to the first *Clayton* exception, because the exhaustion procedure offers no hope of reinstating the plaintiffs' grievance," (Doc. No. 99 at 18), would turn that exception into a nullity. A plaintiff cannot avoid the exhaustion requirement simply by failing to pursue internal remedies where the plaintiff "could and should have initiated the appeal procedures" provided by the union. *Chapman*, 670 F.3d at 685.

Finally, Plaintiffs do not provide a basis for their suggestion that I "go through the record presented to the PRB and make an independent determination" of whether the UAW President, the IEA, and the PRB made the correct decision. (Doc. No. 99 at 15). As Defendants note, federal law provides room "to allow unions to govern their own affairs." *Int'l Bhd. of Boilermakers, Iron Shipbuilders, Blacksmiths, Forgers & Helpers, AFL-CIO v. Hardeman*, 401 U.S. 233, 246 (1971). Plaintiffs fail to demonstrate it would be appropriate for me to disregard the union's factual determinations, made after an evidentiary hearing at which some of the Plaintiffs testified, and substitute my own judgment.

## V. CONCLUSION

For the reasons stated above, I conclude Plaintiffs have not exhausted their internal union remedies and that they have not established there is a basis to excuse their failure to exhaust. Therefore, I conclude Plaintiffs' hybrid § 301 / fair representation claim is barred, and I dismiss Plaintiffs' claims against the Union Defendants and FCA.

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge